**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K.B., a minor (by the mother, Deborah Beymer), <br><br> Plaintiff, <br><br> vs. <br><br> Carolyn W. Colvin, Acting Commissioner of Social Security Administration, <br><br> Defendant. | No. CV-11-0756-TUC-DTF <br><br> **ORDER** |

Plaintiff's mother brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). Plaintiff filed an opening brief and Defendant responded. (Docs. 27, 32.) The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Docs. 9, 15.) The Court finds this case should be remanded for further proceedings.

## **PROCEDURAL AND FACTUAL HISTORY**

Plaintiff's mother filed an application on his behalf for Supplemental Security Income (SSI) on May 6, 2008. (Administrative Record (AR) 77-80.) Plaintiff alleged disability from April 8, 2008. (AR 77.) The application was denied upon initial review (AR 44, 46-48) and on reconsideration (AR 45, 57-60). A hearing was held on January 22, 2010 (AR 34-43), after which ALJ Larry E. Johnson found that Plaintiff was not disabled (AR 14-30). The Appeals Council denied Plaintiff's request to review the ALJ's decision. (AR 1-3.)

Plaintiff was born on February 21, 2003, making him a 5-year-old preschooler at the alleged onset date of his disability. (AR 77.) Plaintiff's mother testified that at home Plaintiff has no control of his emotions and gets very angry but at school he does not get into conflicts, he does not have friends, he has learning disabilities and insomnia, and he is a compulsive perfectionist. (AR 37-42.) The ALJ found that Plaintiff had three serious impairments, learning disability, attention deficit hyperactivity disorder and explosive disorder. (AR 20.) He further concluded that Plaintiff did not have an impairment or combination of impairments that met, equaled or functionally equaled one of the listed impairments. (*Id.*) The ALJ found that Plaintiff was markedly impaired in only one of the six functional equivalence domains, acquiring and using information. (AR 24.)

**STANDARD OF REVIEW**

A person under the age of 18 will be considered disabled and eligible for Supplemental Security Income (SSI) if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner employs a three-step sequential process to evaluate SSI claims for minors. First, if the claimant is engaged in substantial gainful activity, he is not disabled. 20 C.F.R. § 416.924(b). Second, if the claimant does not have a medically determinable severe impairment(s), in that the impairment does not cause more than minimal functional limitations, he is not disabled. 20 C.F.R. § 426.924(c). Third, if the claimant's impairment does not meet, medically equal, or functionally equal an impairment in the listings, he is not disabled. 20 C.F.R. § 924(d). There are six areas the Commissioner assesses for functional equivalence: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b).

The findings of the Commissioner are meant to be conclusive if supported by

1 substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla
2 but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)
3 (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn
4 the decision to deny benefits only "when the ALJ's findings are based on legal error or are
5 not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257
6 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court
7 must resolve conflicts in the evidence, and if the evidence can support either outcome, the
8 court may not substitute its judgment for that of the ALJ." *Matney,* 981 F.2d at 1019 (quoting
9 *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.,*
10 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be
11 affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*,
12 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.
13 1989)). Reviewing courts must consider the evidence that supports as well as detracts from
14 the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

16 Plaintiff argues that the ALJ failed to give controlling weight to his treating
17 psychiatrist's opinion. Plaintiff's psychiatrist, Michael Mardis, conducted an initial
18 psychiatric evaluation in December 2007. (AR 187.) The administrative record contains
19 medical records from Dr. Mardis dated from the initial evaluation through October 2008.
20 (AR 194, 197, 199, 202, 204, 230, 231, 233, 236, 238.) Dr. Mardis diagnosed Plaintiff with
21 Intermittent Explosive Disorder, ADHD and Primary Insomnia. (AR 231.) During the course
22 of treatment, Dr. Mardis tried numerous drugs for Plaintiff's various symptoms, finding a
23 combination that seemed to be working effectively in August 2008. (AR 194, 197, 199, 202,
24 204, 230, 231, 233, 236, 238.) In December 2009, Dr. Mardis opined that Plaintiff had
25 marked limitations in attending and completing tasks, and health and physical well-being;
26 and extreme limitations in interacting and relating with others. (AR 255-56.)

27 The ALJ acknowledged Dr. Mardis as Plaintiff's treating psychiatrist; however, in
28 reviewing the available medical records the ALJ summarized only Plaintiff's first

1 appointment with Dr. Mardis in December 2007. (AR 21.) The ALJ did not address Dr.
2 Mardis's December 2009 opinion. Further, in assessing Plaintiff's functional limitations, the
3 ALJ did not consider any information from Dr. Mardis and his records. (AR 23-29.)

4 Dr. Mardis's opinion is contradicted by the opinion of examining psychologist
5 Francisco A. Sanchez, Ph.D. (AR 210-14), and two reviewing psychologists (AR 215-16,
6 249-50). In an August 2008 examination, Dr. Sanchez diagnosed Plaintiff with ADHD and
7 Hyperactive Sleep Disorder. (AR 213.) Dr. Sanchez opined that Plaintiff may have problems
8 acquiring and using information, would probably have mild to moderate problems regarding
9 completing tasks, and is expected to have some problems in interacting with others but was
10 able to relate to Dr. Sanchez and reported making a friend on his first day of kindergarten.
11 (AR 214.) Dr. Goldberg concluded Plaintiff had no marked limitations (AR 217-18), while
12 Dr. Foster-Valdez found that Plaintiff's only marked limitation was in acquiring and using
13 information (AR 251-52).

14 When there is a conflict between the opinions of a treating physician and an
15 examining physician, "[i]f the ALJ wishes to disregard the opinion of the treating physician,
16 he or she must make findings setting forth specific, legitimate reasons for doing so that are
17 based on substantial evidence in the record." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th
18 Cir. 1987). Here, the ALJ erred because he provided no reasons for rejecting Dr. Mardis's
19 opinion, in fact, he wholly failed to address it. Defendant argues this error is harmless
20 because Dr. Mardis's assessment is contradicted by the balance of the record including his
21 treatment notes. There is contradictory evidence in the record, including part of Dr.
22 Sanchez's opinion, portions of Plaintiff's teacher's opinion, and the treatment records
23 suggesting medication had stabilized Plaintiff's symptoms. However, Dr. Mardis's opinion
24 was some of the strongest evidence supporting Plaintiff's application. The Court does not
25 find the error harmless because the ALJ's failure to consider Dr. Mardis's opinion and

1 treatment records was not irrelevant to his ultimate decision regarding disability.[1] *See Stout*
2 *v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless only
3 if a court can conclude with confidence that "no reasonable ALJ, when fully crediting the
4 testimony, could have reached a different disability determination."). The ALJ's implicit
5 rejection of Dr. Mardis's opinion was reversible error because it not based on specific,
6 legitimate reasons supported by substantial evidence.

## **CONCLUSION**

Plaintiff requests that the Court award benefits. Defendant requests that the Court deny relief or, if the Court concludes there was reversible error, remand for further proceedings. A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). If there are no outstanding issues because "the record has been developed fully and further administrative proceedings would serve no useful purpose, the . . . court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, if further proceedings can remedy a defect and the Commissioner is in a better position to evaluate the evidence than the court, remand is appropriate. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

The Court concludes that further administrative proceedings would be of benefit and that the ALJ is better to suited to address the conflicting testimony in this case. The ALJ failed to address in entirety Dr. Mardis's opinion. Because there are differing opinions in this case, including variances between Dr. Mardis's records and his December 2009 opinion, the

---

[1] In suggesting the error is harmless, the Commissioner asks this Court to usurp the role of the ALJ by conducting an independent assessment of the entirety of the record and step three of the analysis. This is just what Defendant does in her brief, evaluating each of the six functional domains based on the whole record – something the ALJ failed to do.

- 5 -

1  ALJ should re-evaluate the six functional domains considering all of the evidence. *See*
2  *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for reconsideration of a
3  credibility finding). Further, there are no medical records after October 2008. Plaintiff's
4  mother indicated during the January 2010 hearing, that Plaintiff was still seeing a doctor.
5  (*See* AR 40, 42.) Therefore, the ALJ should obtain any outstanding medical records relevant
6  to the disability determination.

7  Accordingly,

8  **IT IS ORDERED** that this case is remanded to the ALJ for a new hearing and further
9  proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court should
10 enter judgment and close this case.

11 DATED this 26th day of March, 2013.

D. Thomas Ferraro
United States Magistrate Judge